UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2022-CV-61003-RS-SMITH/REID

GO GLOBAL TRADING & CONSULTING,
LTD., a Hong Kong company,

    Plaintiff,

vs.

V1O GLOBAL LOGISTICS & TRADING
CORP., a Florida corporation, SIDNEY DE
ARAUJO JUNIOR, an individual, RAFAEL
FEDELE, an individual, and JOHN DOES 1, 2,
and 3,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON**
**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

    This case is before the Court on Plaintiff GO Global Trading & Consulting, Ltd's ("GO Global") Proceedings Supplementary against Defendant V10 Global Logistics & Trading Corp. ("V10").

**FINDINGS OF FACT**

(1) On April 26, 2023, this Court entered a final judgment (the "Judgment") in this matter in favor of GO Global and against Defendant V10 Global Logistics & Trading Corp. ("V10") on Counts I through XXIII of GO Global's Second Amended Complaint [ECF No. 75].

(2) The Judgment is in the principal amount of $48,000,000.00, and has not been satisfied.

(3) Between December 2020 and June 2021, GO Global entered many separate contractual relationships with V10, pursuant to which GO Global and GO Global's customers paid

1

to V10 over $48 million. V10 received these sums in its bank accounts with Wells Fargo Bank, N.A. ("Wells Fargo") and HSBC Bank USA, N.A. ("HSBC").

(4) In consideration for those sums, V10 was required to purchase certain meat products and to arrange for their transport and delivery to specified locations. V10 failed to carry out its contractual obligations and GO Global obtained its judgment.

(5) V10 transferred the sums it was holding in its bank accounts to its principals, affiliated companies, to title companies for the purchase of real property for its principals, to other entities for various other personal purchase of real property for its principals, or to other entities for various other personal acquisitions.

(6) During post-judgment discovery, GO Global obtained V10's bank account statements with Wells Fargo and HSBC, as well as the records from various title companies reflecting the payment and use of V10 funds to purchase real properties in Miami-Dade and Broward Counties.

(7) The bank statements reflect that beginning immediately after GO Global began paying V10 under their contracts, V10 engaged in an ongoing series of monetary transfers to V10's principals, or to other entities owned and controlled by those same principals, or directly to title companies, lawyers, stores, and merchandise sellers to acquire real property, luxury items, and other personal property for V10's principals, Sidney de Araujo Junior ("Junior"), V10's President, and Rafael Fedele ("Fedele"), V10's CFO.

(8) V10 failed to satisfy its contractual obligations to GO Global, using only a fraction of the funds received from customers for business purposes.

(9) Proceedings supplementary were granted by this Court to collect on the final judgment. [ECF No. 117].

(10) V10 was a Florida profit corporation that was owned and controlled by Junior. Currently, however, it is administratively dissolved, does not appear to be doing business, and following the withdrawal of its counsel has ceased defending this litigation. Its bank statements reflect no funds in its account.

(11) Fedele and Junior during this period of time also owned and controlled other Florida entities including TJB Trading Corp. ("TJB"), V10 Construction, LLC, and V10 Sports Cars Corp, all of which are identified third parties to the proceedings supplementary.

(12) From the time GO Global began depositing funds with V10 until GO Global obtained its judgment, V10 transferred a total of $4,818,616.70 in cash to Junior:

| Date | Amount | Bates Reference[1] |
|---|---|---|
| 9/25/20 | 8,000.00 | 000045 |
| 10/5/20 | 13,000.00 | 000050 |
| 10/26/20 | 5,000.00 | 000052 |
| 11/3/20 | 60,000.00 | 000058 |
| 11/4/20 | 52,750.00 | 000058 |
| 11/4/20 | 1,500.00 | 000058 |
| 12/8/20 | 42,250.00 | 000068 |
| 12/8/20 | 3,000.00 | 000068 |
| 12/21/20 | 2,000.00 | 000072 |
| 12/22/20 | 2,000.00 | 000072 |
| 1/13/21 | 29,000.00 | 000080 |
| 1/25/21 | 3,000.00 | 000083 |
| 2/10/21 | 2,000.00 | 000092 |
| 2/18/21 | 2,000.00 | 000093 |
| 2/18/21 | 4,000.00 | 000093 |
| 3/1/21 | 2,500.00 | 000099 |
| 3/2/21 | 6,675.00 | 000100 |
| 3/15/21 | 2,000.00 | 000103 |
| 3/16/21 | 320,000.00 | 000104 |
| 3/18/21 | 10,000.00 | 000105 |
| 4/5/21 | 1,000,000.00 | 000113 |
| 4/27/21 | 1,000,000.00 | 000120 |
| 4/27/21 | 107,000.00 | 000120 |
| 4/29/21 | 2,000.00 | 000121 |

---

[1] Bates references are to the Bates numbers of the bank statements from V10's accounts that V10 produced to GO Global These documents have also been produced to the Court.

| Date | Amount | Bates Reference[1] |
|---|---:|---:|
| 5/3/21 | 1,826.28 | 000126 |
| 5/3/21 | 2,764.93 | 000126 |
| 5/3/21 | 3,989.91 | 000126 |
| 6/1/21 | 2,000.00 | 000136 |
| 6/16/21 | 2,000.00 | 000137 |
| 7/6/21 | 2,000.00 | 000143 |
| 7/6/21 | 2,000.00 | 000143 |
| 7/6/21 | 2,714.77 | 000143 |
| 7/6/21 | 2,714.77 | 000143 |
| 7/15/21 | 2,000.00 | 000144 |
| 7/26/21 | 2,000.00 | 000145 |
| 10/6/21 | 2,000.00 | 000170 |
| 10/12/21 | 500,000.00 | 000171 |
| 10/22/21 | 10,000.00 | 000173 |
| 11/10/21 | 15,000.00 | 000179 |
| 11/29/21 | 2,000.00 | 000182 |
| 12/28/21 | 3,000.00 | 000189 |
| 1/4/22 | 5,943.93 | 000195 |
| 1/31/22 | 50,000.00 | 000199 |
| 1/31/22 | 1,000,000.00 | 000199 |
| 2/1/22 | 5,943.93 | 000203 |
| 2/18/22 | 2,000.00 | 000205 |
| 2/25/22 | 30,000.00 | 000206 |
| 2/28/22 | 15,000.00 | 000207 |
| 2/28/22 | 3,663.00 | 000207 |
| 3/1/22 | 5,943.93 | 000211 |
| 3/5/22 | 22,000.00 | 000211 |
| 3/5/22 | 15,000.00 | 000211 |
| 3/8/22 | 50,000.00 | 000212 |
| 3/9/22 | 8,231.64 | 000212 |
| 3/11/22 | 99,000.00 | 000212 |
| 3/17/22 | 8,231.64 | 000214 |
| 4/1/22 | 5,943.92 | 000220 |
| 4/18/22 | 8,231.64 | 000222 |
| 5/17/22 | 8,231.64 | 000230 |
| 5/19/22 | 1,439.21 | 000230 |
| 6/17/22 | 8,231.64 | 000236 |
| 7/19/22 | 8,231.64 | 000246 |
| 7/22/22 | 100,000.00 | 000244 |
| 7/22/22 | 100,500.00 | 000244 |
| 8/18/22 | 8,231.64 | 000252 |
| 9/20/22 | 8,231.64 | 000258 |
| 12/16/22 | 2,700.00 | 000271 |
| **TOTAL** | **4,818,616.70** | |

(13) From the time GO Global began depositing funds with V10 until GO Global obtained its judgment, V10 transferred a total of $83,682.00 in cash to Fedele:

| Date | Amount | Bates Reference |
|---|---:|---:|
| 5/14/21 | 2,500.00 | 000129 |
| 5/17/21 | 2,000.00 | 000130 |
| 5/28/21 | 2,500.00 | 000132 |
| 7/16/21 | 1,300.00 | 000144 |
| 7/19/21 | 2,500.00 | 000145 |
| 7/23/21 | 2,500.00 | 000145 |
| 8/6/21 | 2,500.00 | 000150 |
| 9/3/21 | 3,000.00 | 000160 |
| 9/16/21 | 3,000.00 | 000161 |
| 10/4/21 | 3,000.00 | 000169 |
| 10/15/21 | 3,000.00 | 000172 |
| 10/20/21 | 1,382.00 | 000172 |
| 11/26/21 | 3,000.00 | 000182 |
| 12/15/21 | 14,000.00 | 000325 |
| 1/31/22 | 3,000.00 | 000199 |
| 1/31/22 | 3,000.00 | 000199 |
| 2/2/22 | 16,500.00 | 000330 |
| 3/18/22 | 3,000.00 | 000214 |
| 4/1/22 | 3,000.00 | 000220 |
| 4/15/22 | 3,000.00 | 000221 |
| 4/29/22 | 3,000.00 | 000224 |
| 5/13/22 | 3,000.00 | 000229 |
| **TOTAL** | **83,682.00** | |

(14) From the time GO Global began depositing funds with V10 until GO Global obtained its judgment, V10 transferred a total of $3,826,029.00 in cash to TJB:

| Date | Amount | Bates Reference |
|---|---:|---:|
| 1/26/21 | 352,000.00 | 000084 |
| 10/8/21 | 585,000.00 | 000170 |
| 11/12/21 | 60,000.00 | 000180 |
| 12/14/21 | 10,000.00 | 000188 |
| 12/26/21 | 47,000.00 | 000324 |
| 2/17/22 | 200,000.00 | 000330 |
| 2/2/22 | 89,529.00 | 000329 |
| 2/28/22 | 160,000.00 | 000330 |
| 2/4/21 | 297,500.00 | 000090 |

| Date | Amount | Bates Reference |
|---|---:|---:|
| 3/16/21 | 320,000.00 | 000104 |
| 3/2/21 | 500.00 | 000100 |
| 3/22/22 | 140,000.00 | 000215 |
| 3/30/21 | 10,000.00 | 000108 |
| 4/14/21 | 4,000.00 | 000117 |
| 4/20/22 | 500,000.00 | 000333 |
| 4/30/21 | 170,000.00 | 000122 |
| 4/8/21 | 297,500.00 | 000115 |
| 5/23/21 | 2,500.00 | 000139 |
| 6/2/21 | 500.00 | 000136 |
| 6/25/21 | 375,000.00 | 000298 |
| 7/22/22 | 200,000.00 | 000244 |
| 8/9/21 | 5,000.00 | 000151 |
| **TOTAL** | **3,826,029.00** | |

(15) From the time GO Global began depositing funds with V10 until GO Global obtained its judgment, V10 transferred a total of $37,000.00 to V10 Construction:

| Date | Amount | Bates Reference |
|---|---:|---:|
| 6/18/21 | 10,000.00 | 000297 |
| 7/16/21 | 10,000.00 | 000304 |
| 9/14/21 | 5,000.00 | 000318 |
| 9/1/21 | 5,000.00 | 000159 |
| 10/13/21 | 7,000.00 | 000172 |
| **TOTAL** | **37,000.00** | |

(16) In addition to direct money transfers, from the time GO Global began depositing funds with V10 until GO Global obtained its judgment, V10 transferred large sums of cash to title companies and closing agents for the purchase of real estate that V10 and Junior had placed in Junior's name or in the name of single purpose entities that Junior established to acquire the properties and then dissolved once the properties were re-sold for his benefit.

(17) These entities included 400 Northeast 4th Street, LLC, 333 NE 21st Ave Apt 404, LLC, and 12088 NW 69th Ct. Parkland, LLC, all Florida limited liability companies, solely owned and managed by Junior.

6

(18) V10 transferred $1,028,811.10 in January and February of 2021 for the purchase of property located at 400 NE 4th Street, in Boca Raton, Florida. Junior sold the property in October 2021 for $1,250,000.00, $221,188.90 more than the amount V10 had paid.

(19) V10 transferred $378,052.51 in January and February of 2021 for the purchase of property located at 333 NE 21st Street, Unit 404, in Boca Raton, Florida. Junior sold the property in July 2021 for $444,000.00, $65,947.49 more than the amount V10 had paid.

(20) V10 transferred $789,911.39 in May and June of 2021 for the purchase of two business warehouse condominiums located at 11931-11935 NW 37 Street in Coral Springs.

(21) V10 transferred $359,343.73 in July through October 2021 for the purchase of property located at 17111 Biscayne Blvd., Apt. 2001, in North Miami Beach, Florida. The purchase price of the property was $955,000.00, the balance of the purchase price paid by a mortgage that Junior obtained.

(22) Junior sold the property in April of 2022 for $1,160,000.00, $132,156.27 more than the amount V10 had paid for the property, after satisfying the mortgage.

(23) V10 transferred $155,232.73 in January through April 2022 for the purchase of property located at 2000 Metropica Way in Sunrise, Florida. The purchase price of the property was $495,900.00, the balance of the purchase price paid by a mortgage that Junior obtained.

(24) Araujo sold the property in May 2024, during these proceedings supplementary, for $346,600.00.

(25) V10 transferred $758,753.86 in February and March 2021 for the purchase of property located at 8500 Miralago Way in Parkland, Florida. Junior sold the property in September 2021 for $900,000.00, $141,246.14 more than the amount V10 had paid.

(26) In total, V10 transferred $12,235,433.02, combined for the purchase of properties and money transfers, before the calculation of property resale proceeds.

(27) The total amounts transferred from V10 to these various persons and entities and the total amounts they realized from these transfers are reflected in the table below:

| Transferee | Item[2] | Amount | Proceeds from resale | Total |
|---|---|---|---|---|
| Araujo | 400 NE 4th Street | 1,028,811.10 | 221,188.90 | 1,250,000.00 |
| Araujo | 333 NE 21st Street, Unit 404 | 378,052.51 | 65,947.49 | 444,000.00 |
| Araujo | 11931-11935 NW 37 St. | 789,911.39 | ? | 789,911.39 |
| Araujo | 17111 Biscayne Blvd., Apt. 2001 | 359,343.73 | 132,156.27 | 491,500.00 |
| Araujo | 2000 Metropica Way | 155,232.73 | | 155,232.73 |
| Araujo | 8500 Miralago Way | 758,753.86 | 141,246.14 | 900,000.00 |
| Araujo | Money transfers | 4,818,616.70 | | 4,818,616.70 |
| | | | | |
| **Total Araujo** | | **8,288,722.02** | | **8,849,260.82** |
| | | | | |
| **TJB** | | **3,826,029.00** | | **3,826,029.00** |
| | | | | |
| **Rafael Fedele** | | **83,682.00** | | **83,682.00** |
| | | | | |
| **V10 Construction** | | **37,000.00** | | **37,000.00** |
| | | | | |
| **TOTAL CONVEYED** | | **$12,235,433.02** | **560,538.80+** | **$12,795,971.82** |

(28) On June 20, 2024, this Court entered a Notice to Appear, ordering Junior, Fedele, and TJB to appear before the Court on July 1, 2024, for examination pursuant to Fla. Stat. § 56.29, Florida Statutes [D.E. 124]. None of them appeared.

---

[2] The amounts reflected in this column are only those funds taken from V10 accounts and are not actual sales prices. Several of these properties were purchased with mortgages.

(29) Junior, Fedele, and TJB failed to file any affidavits or present any defenses, as required under the Notice to Appear.

## Conclusions of Law

GO Global, in these proceedings supplementary, is seeking to recover the sums that V10, the judgment debtor, distributed to its insiders, claiming that V10, by gift, transfer, assignment or other conveyance of personal property, has delayed, hindered, or defrauded GO Global in its efforts to recover assets of V10 to satisfy the judgment, and leaving V10 insolvent.

<u>Proceedings Supplementary</u>

Federal Rule of Civil Procedure 69(a)(1) provides:

> Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies. (Emphasis added).

Section 56.29, Florida Statutes, governs proceedings supplementary in Florida and, in material part, states:

> When any gift, transfer, assignment or other conveyance of personal property has been made or contrived by the judgment debtor to delay, hinder, or defraud creditors, the court shall order the gift, transfer, assignment or other conveyance to be void and direct the sheriff to take the property to satisfy the execution. This does not authorize seizure of property exempted from levy and sale under execution or property which has passed to a bona fide purchaser for value and without notice. Any person aggrieved by the levy or Notice to Appear may proceed under ss. 56.16-56.20.

As the above facts establish, GO Global has demonstrated that V10 transferred, assigned, and/or conveyed millions of dollars to Junior, TBJ, and Fedele, leaving itself (V10) insolvent. V10 has delayed, hindered, and defrauded GO Global. It has failed to pay its judgment to GO Global.

Section 56.29(2) states, in pertinent part, that "[a] responding affidavit must raise any fact or defense opposing application of the property described in the Notice to Appear to satisfy the

judgment, including legal defenses, such as lack of personal jurisdiction. Legal defenses need not be filed under oath but must be served contemporaneously with the affidavit." Junior, Fedele, TJB, and V10 have failed to file affidavits or to present any defenses. They failed to appear at hearing on July 1, 2024, despite proper notice duly given, and they failed to contest any of the facts that GO Global has presented.

> When, within 1 year before the service of process on the judgment debtor in the original proceeding or action, the judgment debtor has had title to, or paid the purchase price of, any personal property to which the judgment debtor's spouse, any relative, or any person on confidential terms with the judgment debtor claims title and right of possession, the judgment debtor has the burden of proof to establish that such transfer or gift was not made to delay, hinder, or defraud creditors.

Fla. Stat. § 56.29(3).

The transferees have failed to satisfy their burden of proof.

"By its terms, section 56.29(6) grants a trial court broad authority to enter 'any' orders necessary to carry out the purpose of the statute[.]" *McGregor v. Fowler White Burnett, P.A.*, 332 So. 3d 481, 488 (Fla. 3d DCA 2021) (quoting *Buechel v. Shim*, 340 So.3d 507, (Fla. 5th DCA 2021).

> The court may enter any orders, judgments, or writs required to carry out the purpose of this section, including those orders necessary or proper to subject property or property rights of any judgment debtor to execution, and including entry of money judgments as provided in ss. 56.16-56.19 against any person to whom a Notice to Appear has been directed and over whom the court obtained personal jurisdiction irrespective of whether such person has retained the property, subject to applicable principles of equity, and in accordance with chapters 76 and 77 and all applicable rules of civil procedure.

Fla. Stat. § 56.29(6).

Based upon the foregoing, the Court finds that V10 carried out the transfers described in detail above to delay, hinder, and/or defraud its creditors, including GO Global. V10 and the

transferees have failed to meet their burden to show otherwise. This conclusion is further supported by Florida's law on fraudulent conveyance.

<u>Fraudulent Conveyance</u>

Under Section 726.106, Florida Statutes, "a conveyance is per se fraudulent where the creditor's claim arose prior to the transfer, the transfer lacks valid consideration, and the debtor was insolvent prior to the transfer." *Stern v. SK Golden Invest,* LLC, 21-20012-CIV, 2022 WL 18023312, at *7 (S.D. Fla. Sept. 26, 2022) (quoting *Advest, Inc. v. Rader*, 743 F. Supp. 851, 855 (S.D. Fla. 1990)). In addition, a conveyance is fraudulent when the transfer was made to an insider of the debtor for an antecedent debt when the debtor is insolvent, and the insider has reasonable cause to know that. *See Wesolek v. Wesolek*, 219CV463FTM29MRM, 2020 WL 7587255, at *2 (M.D. Fla. Dec. 22, 2020).

Under Section 726.105, to establish a "fraudulent conveyance", "the creditor . . . must demonstrate that there was (i) a creditor to be defrauded; (ii) a debtor intending fraud; and (iii) conveyance of property that could have been applicable to payment of the debt due." *In re PSI Indus., Inc.*, 306 B.R. 377, 387 (Bankr. S.D. Fla. 2003) (citing *Huntsman Packaging Corp. v. Kerry Packaging Corp.*, 992 F. Supp. 1439 (M.D. Fla. 1998); *In re Young*, 235 B.R. 666 (Bankr. M.D. Fla. 1999)).

GO Global's evidence pertaining to transfers at issue in this proceeding satisfies these requirements.

## CONCLUSION

Based upon these findings of fact and conclusions of law, the Court hereby **RECOMMENDS** that GO Global's request for relief under Section 56.29(6), Florida Statutes, be **GRANTED** and that all such property described in the table shown in Paragraph 31 above be

adjudged as transfers by V10 to the specified transferees for the purpose of delaying, hindering, and defrauding GO Global. As such, it is further recommended that this Court order all such transfers to be void and permit GO Global to recover those assets and the proceeds thereof from the transferees and that the Clerk be ordered to issue such writs of levy and/or garnishment as GO Global may request to do so.

Objections to this Report may be filed with the district judge within **TEN** (10) days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 2nd day of August, 2024.

                                               LISETTE M. REID
                                   UNITED STATES MAGISTRATE JUDGE

cc:     **U.S. District Judge Rodney Smith**;
        **Counsel of Record**